Singleton, Judge:
This claim was filed before the Attorney General on June 28, 1967, and transferred to this Court after July 1, 1967, for its consideration and decision. The claim is in the amount of $68.61 for damages sustained to claimant’s automobile as a result of rock being thrown through its windshield as a result of respondent’s mowing operations. The damage is alleged to have occurred in Cabell County, near Huntington, West Virginia. This case was placed on the hearing docket of this Court and called for hearing on the 22nd day of March, 1968.
*67 Upon the case being called for hearing there was no appearance for the claimant. The Assistant Attorney General and the counsel for the State Road Commission tendered to the Court a stipulation advising that an investigation of the allegations contained in the claimant’s petition filed herein had been found to be true and correct and the amount set forth for compensation of the damages sustained to be reasonable and the respondent had reduced such a stipulation to writing and tendered it to the Court together with an order filing same.
Upon consideration of the stipulation, and there being no objection on the part of the Attorney General, it was the opinion of the Court that same should be ordered filed in this proceeding.
The facts as stipulated by counsel for the claimant and the Attorney General were that on or about the 1st day of October, 1966, the State Road Commission employees for and on behalf of the State of West Virginia were operating a power lawn mower on the State Road right-of-way on U.S. Route 60, in Cabell County, near Huntington, West Virginia; that in the operation of said power lawn mower a rock was negligently caused to be thrown by said mower, said rock striking the windshield of an automobile owned and operated by Walter L. Blankenship, the claimant herein, whose address is 1608 Beech Street, Kenova, West Virginia. There is no evidence in the petition or the record before this Court of any negligence on the part of the claimant nor of any action on his part that might lawfully preclude his recovery.
Upon consideration of the petition, the exhibits in the file, the stipulation, and the statements of counsel for the respondent, the Court is of the opinion that the facts set forth in the petition do present a claim within the jurisdiction of the Court; and the Court is of the further opinion that the allegations of said petition as stipulated by the respondent do constitute a valid claim against the State of West Virginia that in equity and good conscience should be paid and the Court is of the further opinion and it is our judgment that the claimant, Walter L. Blankenship, should recover, and we do hereby award the said claimant the sum of $68.61.